UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RHONDA DENISE BURKE,                )
                                    )
        *Plaintiff*,                )
                                    )
v.                                  )         No. 1:13-cv-96-CLC-SKL
                                    )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
        *Defendant*.                )

## REPORT AND RECOMMENDATION

Plaintiff Rhonda Denise Burke ("Plaintiff") brought this action pursuant to 42 U.S.C. §

405(g) seeking judicial review of the final decision of the Commissioner of Social Security

("Commissioner" or "Defendant") denying her disability insurance benefits ("DIB") and

supplemental security income ("SSI"). Plaintiff has moved for judgment on the pleadings [Doc.

9] and has filed a memorandum in support [Doc. 10]. Defendant has moved for summary

judgment [Doc. 14] and has filed a memorandum in support [Doc. 15]. Plaintiff alleges that the

administrative law judge ("ALJ") erred by: (1) failing to comply with the requirements of the

Appeals Council's remand order; (2) failing to identify a significant number of jobs in the

regional and national economy; (3) failing to include a function-by-function assessment in the

residual functional capacity ("RFC") determination; and (4) improperly evaluating Plaintiff's

credibility. For the reasons stated below, I **RECOMMEND** that (1) Plaintiff's motion for

judgment on the pleadings [Doc. 9] be **DENIED**; (2) the Commissioner's motion for summary

judgment [Doc. 14] be **GRANTED**; and (3) the decision of the Commissioner be **AFFIRMED**.

## I.  ADMINISTRATIVE PROCEEDINGS

Plaintiff initially filed her applications for DIB and SSI on June 16, 2009, alleging disability as of February 17, 2009 (Transcript [Doc. 6] ("Tr.") 283, 290).  Plaintiff's claims were denied initially and upon reconsideration, and she requested a hearing before the ALJ (Tr. 146, 156, 161).  ALJ Ronald Feibus held a hearing on January 18, 2011, during which Plaintiff was represented by an attorney (Tr. 129).  The ALJ issued a decision on January 21, 2011, in which the ALJ determined Plaintiff was not disabled (Tr. 129-36).  Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision on March 10, 2011 (Tr. 382-83). The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ (Tr. 142-44). ALJ Feibus held a second hearing on October 21, 2011, at which Plaintiff was again represented by an attorney (Tr. 14, 30).  The ALJ issued a second decision on November 18, 2011, in which the ALJ determined Plaintiff was not disabled because Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy (Tr. 14-25).  The Appeals Council denied Plaintiff's request for review of the second decision, making the ALJ's decision dated November 18, 2011 the final, appealable decision of the Commissioner (Tr. 1-3).  Plaintiff filed the instant action on March 27, 2013 [Doc. 1].

## II.  FACTUAL BACKGROUND

### A.  Education and Employment Background

Plaintiff was 46 years old on the alleged onset date (Tr. 24).  Plaintiff has an 11th grade education and a GED (Tr. 40).  Plaintiff has past relevant work as a certified nurse's assistant (Tr. 24, 40, 106).  Plaintiff has not worked since her alleged onset date of February 17, 2009 (Tr. 106).  Plaintiff stopped working on her alleged onset date because that was that was the day her arm became very swollen and her neck popped (Tr. 106).

**B.      Medical Records**

Neither party disputes the ALJ's recital of the pertinent medical records or provides an alternative summary of the medical records concerning Plaintiff's mental and physical condition. Under such circumstances, Plaintiff's medical records will not be summarized in this report and recommendation, but all relevant medical records have been carefully reviewed by the Court.

**C.      Hearing Testimony**

At the hearing on January 18, 2011, Plaintiff and a vocational expert ("VE"), Dr. Johnson, testified (Tr. 98-121).  At the second hearing held on October 21, 2011, Dr. Arthur Lorber, a board certified orthopedic surgeon, testified as a medical expert, Plaintiff testified, and a different VE, Ms. Roberson, also testified (Tr. 30-70).  The Court has carefully reviewed the transcript of both hearings.

**III.   ELIGIBILITY AND THE ALJ'S FINDINGS**

**A.      Eligibility**

"The Social Security Act defines a disability as the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Schmiedebusch v. Comm'r of Soc. Sec.*, No. 12-4316, 2013 WL 5749156, at *9 (6th Cir. Oct. 24, 2013) (quoting 42 U.S.C. § 423(d)(1)(A)); *see also Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 862 (6th Cir. 2011) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

3

exists in the national economy." *Parks*, 413 F. App'x at 862 (quoting 42 U.S.C. § 423(d)(2)(A)). The Social Security Administration determines eligibility for disability benefits by following a five-step process. 20 C.F.R. § 404.1520(a)(4)(i-v). The five-step process provides:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). The claimant bears the burden to show the extent of his impairments, but at step five, the Commissioner bears the burden to show that, notwithstanding those impairments, there are jobs the claimant is capable of performing. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512-13 (6th Cir. 2010).

**B.      The ALJ's Findings**

At the second hearing held on October 21, 2011, Dr. Lorber testified as a medical expert, Plaintiff testified, and a vocational expert ("VE") also testified. In the ALJ's second decision, dated November 18, 2011, he made the following findings. At step one of the process, the ALJ found Plaintiff had not engaged in any substantial gainful activity since February 17, 2009, the alleged onset date (Tr. 17). At step two, the ALJ found Plaintiff had the following severe impairments: right rotator cuff tendonitis, cervical radiculopathy, hypertension, type II diabetes

mellitus, plantar fasciitis, hypothyroidism, and obesity (Tr. 17-19). At step three, the ALJ found Plaintiff did not have any impairment or combination of impairments to meet or medically equal any presumptively disabling impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App'x 1 (Tr. 19). The ALJ determined Plaintiff had the RFC to perform light work, except she was limited to sitting for no more than six hours per day with normal breaks; standing and/or walking for no more than six hours per day with normal breaks; only occasional overhead reaching with the right upper extremity; no climbing of ladders, ropes, and scaffolds; and only occasional bending, stooping, crouching, and kneeling (Tr. 19-24). At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work (Tr. 24). At step five, the ALJ noted that Plaintiff was a younger individual, 18-49, on the alleged onset date, had at least a high school education, and was able to communicate in English (Tr. 24). After considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs that existed in significant numbers in the national economy which Plaintiff could perform (Tr. 24-25). These findings led to the ALJ's determination that Plaintiff was not under a disability at any time from February 17, 2009, the alleged onset date, through November 18, 2011, the date of the decision (Tr. 25).

## IV. ANALYSIS

Plaintiff alleges that the ALJ erred by: (1) failing to comply with the requirements of the Appeals Council's remand order; (2) failing to identify a significant number of jobs in the regional and national economy; (3) failing to include a function-by-function assessment in the RFC determination; and (4) improperly evaluating Plaintiff's credibility. Plaintiff argues that the ALJ's errors require remand. Each of Plaintiff's arguments will be addressed below.

## A.  Standard of Review

A court must affirm the Commissioner's decision unless it rests on an incorrect legal standard or is unsupported by substantial evidence.  42 U.S.C. § 405(g); *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (internal citations omitted).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *McClanahan*, 474 F.3d at 833 (internal citations omitted).  Furthermore, the evidence must be "substantial" in light of the record as a whole, "tak[ing] into account whatever in the record fairly detracts from its weight."  *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations omitted).  If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the court might have decided facts differently, or if substantial evidence would also have supported other findings.  *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971).  The court may not re-weigh evidence, resolve conflicts in evidence, or decide questions of credibility.  *Garner*, 745 F.2d at 387.  The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes "there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)).

The court may consider any evidence in the record, regardless of whether it has been cited by the ALJ.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  The court may not, however, consider any evidence which was not before the ALJ for purposes of substantial evidence review.  *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  Furthermore, the court is under no obligation to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-CV-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009)

(stating that assignments of error not made by claimant were waived), and arguments not raised and supported in more than a perfunctory manner may be deemed waived, *Woods v. Comm'r of Soc. Sec.*, No. 1:08-CV-651, 2009 WL 3153153, at *7 (W.D. Mich. Sept. 29, 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (noting that conclusory claims of error without further argument or authority may be considered waived).

As relevant in this review, an ALJ must consider "the claimant's allegations of his symptoms . . . with due consideration to credibility, motivation, and medical evidence of impairment." *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 571 (6th Cir. 1989). Credibility assessments are properly entrusted to the ALJ, not to the reviewing court, because the ALJ has the opportunity to observe the claimant's demeanor during the hearing. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Where an ALJ's credibility assessment is fully explained and not at odds with uncontradicted evidence in the record, it is entitled to great weight. *See King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984) (noting the rule that an ALJ's credibility assessment is entitled to "great weight," but "declin[ing] to give substantial deference to the ALJ's unexplained credibility finding" and holding it was error to reject uncontradicted medical evidence). *See also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009) (ALJ was entitled to "rely on her own reasonable assessment of the record over the claimant's personal testimony"); *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994) (ALJ's credibility assessment is entitled to substantial deference). Substantial deference has been held to mean that "[a]n [ALJ's] credibility findings are virtually 'unchallengeable.'" *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 113 (6th Cir. 2010)).

**B.      Appeals Council's Remand Order**

Plaintiff asserts that the ALJ erred in failing to comply with the Appeals Council's remand order by failing to: (1) properly evaluate obesity as required by SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002); (2) further evaluate Plaintiff's subjective complaints as required by SSR 96-7p, 1996 WL 374186 (July 2, 1996); (3) order another consultative examination, as it was warranted based upon the medical expert's testimony; and (4) resolve conflicts between the occupational evidence provided by the VE and the information in the Dictionary of Occupational Titles ("DOT") before relying on the VE's testimony.  Defendant argues that the ALJ properly complied with each of the provisions of the Appeals Council's remand order.

In its order remanding the case, the Appeals Council stated, in relevant part, that on remand the ALJ would:

> Obtain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence (20 CFR 404.1512-1513 and 416.912-913).  The additional evidence may include, if warranted and available, a consultative examination and medical source statements about what the claimant can still do despite the impairment.
> . . . .
> Further evaluate the claimant's obesity under the guidelines set forth in Social Security Ruling 02-1p, providing rationale for the conclusions reached.
> Further evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529 and 416.929) and Social Security Ruling 96-7p.
> . . . .
> If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-12 and 85-15).  The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole.  The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to

8

state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. 143-44).

While Plaintiff contends that the ALJ failed to comply with the Appeals Council's remand order, and Defendant argues that the ALJ did comply with the provisions of the remand order, neither party addressed the preliminary question of whether this Court has jurisdiction to review the ALJ's alleged noncompliance with the Appeals Council's remand order. Nevertheless, the Court must address the necessary issue of jurisdiction. I will first address whether the Court has jurisdiction to review the issue of compliance with the remand order, and then I will address the substance of Plaintiff's arguments.

### 1.    Jurisdiction Over ALJ's Alleged Noncompliance with Remand Order

In a situation such as this—where a claimant seeks judicial review in the district court alleging that the ALJ's second decision failed to comply with the Appeals Council's remand order regarding the first decision—courts have routinely held that it is beyond the scope of the district court's authority to review whether an ALJ's second decision complies with the specific provisions of the Appeals Council's remand order. *See, e.g.*, *Balde v. Astrue*, No. 10-C-0682, 2011 WL 3419371, at *17 (E.D. Wis. Aug. 4, 2011); *Fajardo v. Astrue*, No. CV 08-01615 AJW, 2010 WL 273168, at *3 (C.D. Cal. Jan. 14, 2010) ("Therefore, regardless of whether the ALJ fully complied with the Appeals Council's remand order, judicial review is limited to the question whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal standards."); *Dishman v. Astrue*, No. 4:08-cv-58, 2009 WL 2823653, at *10-

9

11 (E.D. Tenn. Aug. 27, 2009); *Riddle v. Astrue*, No. 2:06-00004, 2009 WL 804056 (M.D. Tenn. Mar. 25, 2009) ("Because the district court does not review internal, agency-level proceedings, it will not address whether the ALJ complied with the specific provisions of the Appeals Council's order of remand."); *Brown v. Comm'r of Soc. Sec.*, No. 1:08CV183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009) ("Whether an ALJ complies with an Appeals Council order of remand is an internal agency matter which arises prior to the issuance of the agency's final decision."); *Bass v. Astrue*, No. 1:06cv591, 2008 WL 3413299 (M.D.N.C. Aug. 8, 2008) ("The Court does not review internal, agency-level proceedings, and therefore will not address whether the ALJ complied with specific provisions of the Appeals Council's remand order."). Further, by declining a claimant's request for review of the ALJ's second decision, the Appeals Council "implicitly found that its earlier remand order had been followed." *Balde*, 2011 WL 3419371 at *17 (quoting *Walker v. Astrue*, No. 08-3666, 2009 WL 3160165, at *15 (E.D. La. Sept. 29, 2009)); *see also Brown*, 2009 WL 465708 at *6 ("By failing to remand the matter a second time, it appears that the Appeals Council considered the ALJ's [second decision] to be in compliance with the Council's previous order of remand.").

Accordingly, I **FIND** that it is beyond the scope of this Court's authority to review whether the ALJ complied with the specific provisions of the Appeals Council's remand order. I further **FIND** that the Appeals Council has implicitly deemed the ALJ's second decision to be in compliance with its remand order by denying Plaintiff's second request for review. Accordingly, I **CONCLUDE** that Plaintiff's argument regarding the ALJ's alleged non-compliance with the remand order fails as a matter of law.

## 2. Substance of Plaintiff's Arguments

Turning to the substance of Plaintiff's arguments, the Court must still address whether the ALJ properly evaluated Plaintiff's obesity and whether the ALJ properly addressed Plaintiff's subjective complaints with regard to Plaintiff's credibility. Plaintiff's other arguments—that the ALJ erred by failing to order a consultative examination and by failing to resolve conflicts between the VE's testimony and the DOT—are only argued as errors for failure to comply with the provisions of the Appeals Council's remand order, which this Court may not review, as discussed above.

### a. Plaintiff's Obesity

Plaintiff argues that the ALJ erred by failing to properly consider her obesity in conjunction with her other impairments. Plaintiff argues that the ALJ used boilerplate language to discuss Plaintiff's obesity and failed to properly evaluate her obesity as required by SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002).

Obesity is no longer a listed impairment, but SSR 02-1p does still require that the ALJ assess the effect that obesity has upon the claimant's ability to perform sustained work activities. SSR 02-1p, 2002 WL 34686281, at *6. While the ALJ must consider a claimant's obesity, there is no "particular procedural mode of analysis for obese disability claimants." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006)).

Here, the ALJ found Plaintiff's obesity to be a severe impairment at step two of the sequential process. When determining Plaintiff's RFC, the ALJ specifically considered Plaintiff's obesity, stating, "I have considered the combined effects of obesity not only under the listings, but also in assessing this claim at all steps of the sequential evaluation process, including

the assessment of the claimant's residual functional capacity" (Tr. 19).  The ALJ noted that Plaintiff's records indicate that she "was morbidly obese" prior to her alleged onset date, but "her physical examinations were generally within normal limits and she only required lab work and medication refills for her impairments" (Tr. 20).  The ALJ considered Plaintiff's records, which noted that she "weighed 339 pounds and stood 64 inches tall" (Tr. 20).  The ALJ discussed Plaintiff's diabetes, which was well managed with oral medications, as well as Plaintiff's high blood pressure, which was managed with medication and had caused no known coronary artery disease (Tr. 20).  The ALJ noted that Plaintiff's ability to raise her legs was restricted by her obesity, but she walked with a normal gait and was able to get onto and off of the examination table on her own (Tr. 20-21).  The ALJ noted that the medical expert who testified at the hearing specifically considered the limitations imposed by Plaintiff's obesity when making his opinion (Tr. 22, 24).

The record here shows that the ALJ sufficiently accounted for the effect that Plaintiff's obesity has on her ability to perform sustained work activities.  The ALJ discussed Plaintiff's obesity throughout his opinion, as noted above, and the ALJ relied upon physicians' opinions which took Plaintiff's obesity into account.  I therefore **FIND** that the ALJ properly considered Plaintiff's obesity as required by SSR 02-1p.

### b.    Plaintiff's Subjective Complaints

Plaintiff contends that the ALJ failed to evaluate Plaintiff's subjective complaints properly because the ALJ did not permit Plaintiff's attorney to further question Plaintiff at the second hearing regarding her symptoms, conditions, and limitations, including any change in her conditions from the first hearing.  The ALJ did state that he would allow the attorney to question Plaintiff further after the medical expert testified, if the medical expert testified that Plaintiff was

not disabled. Specifically, the ALJ said, "We're going to take Dr. Lorber's testimony first. You never know, he might say she's disabled and we don't have to fool with anything else. Assuming he doesn't, then I will give you an opportunity to question the Claimant after I'm done." (Tr. 33). Plaintiff's attorney agreed. At the end of the hearing, after the medical expert and the vocational expert testified, the ALJ asked Plaintiff's attorney, "Do you have any other questions or thing you want to offer me in consideration?" to which Plaintiff's attorney replied, "No, Your Honor." (Tr. 70). Plaintiff's counsel had the opportunity to question Plaintiff but elected not to do so. Plaintiff's argument that the ALJ did not allow additional questioning thus fails. Additionally, the ALJ and the medical expert asked Plaintiff many questions about her subjective complaints during the hearing, and the ALJ considered her responses in his opinion. I therefore **FIND** that the ALJ did properly consider Plaintiff's subjective complaints.

### C.      Identification of a Significant Number of Jobs

Plaintiff next argues that the ALJ failed to identify a significant number of jobs in the regional and national economy which Plaintiff could perform based on the limitations assigned in the RFC. Plaintiff specifically argues that the 650 total jobs in the Tennessee regional economy and 275,000 total jobs in the national economy do not constitute a significant number of jobs. Plaintiff argues that "the number of national jobs identified in the present case did not overcome the low number of regional jobs identified." Plaintiff contends that Defendant did not meet its burden at step five of the five-step process to show that jobs exist which Plaintiff can perform, and thus argues that the case should be remanded. Defendant argues that the ALJ did carry its step-five burden by identifying a significant number of jobs which Plaintiff could perform.

13

In a situation where a claimant's RFC is in between two exertional levels, such as in this case where the ALJ found that Plaintiff could perform light work with limitations, the ALJ must determine at step five whether a significant number of jobs exist in the national economy which could be performed by a person with the claimant's limitations. *Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010); *see also Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009). The ALJ should question the VE regarding a hypothetical individual with the claimant's limitations, and "the ALJ may rely on the VE's testimony to find that the claimant is able to perform a significant number of jobs." *Anderson*, 406 F. App'x at 35 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994)).

The United States Court of Appeals for the Sixth Circuit ("the Sixth Circuit") "has held that fewer than 1000 regional jobs can be a significant number for purposes of determining whether a claimant is disabled." *Id.* (citations omitted); *see also Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 375 (6th Cir. 2006) (finding 870 regional jobs and 107,826 national jobs to be a significant number of jobs); *Harmon v. Apfel*, 168 F.3d 289, 292-93 (6th Cir. 1999) (affirming the Commissioner's finding that 700 regional jobs and 700,000 national jobs constituted a significant number of jobs); *Stewart v. Sullivan*, No. 89-6242, 1990 WL 75248, at *3 (6th Cir. June 6, 1990) (holding that 125 regional jobs and 400,000 national jobs constituted a significant number of jobs). The Sixth Circuit has also emphasized that the Social Security Act does not require the Commissioner to show that jobs exist within the local area where the claimant lives, but rather requires the Commissioner to show that a significant number of jobs exist in the national economy. *Harmon*, 168 F.3d at 292 (citing 42 U.S.C. § 423(d)(2)(A); *Dressel v. Califano*, 558 F.2d 504, 508-09 (8th Cir. 1977) ("The Social Security Act, as amended, provides that 'work which exists in the national economy means work which exists in significant numbers

*either* in the region where such individual lives *or* in several regions of the country.' . . . The Commissioner is not required to show that job opportunities exist within the local area.")).

Here, the ALJ relied upon the VE's testimony that an individual with Plaintiff's age, education, work experience, and RFC "would be able to perform the requirements of representative occupations such as counter clerk (150 region/75,000 nation), bakery worker (250 region/100,000 nation), and rental clerk (250 region/100,000 nation)," for a total of 650 jobs in the regional economy and 275,000 jobs in the national economy (Tr. 25). While Plaintiff cites heavily to a case from the United States District Court for the Middle District of Tennessee, *Malone v. Astrue*, No. 3:10-cv-01137, 2012 WL 1078932, at *6 (M.D. Tenn. Mar. 30, 2012), this case is non-binding on this Court and factually dissimilar from the instant case. In *Malone*, the court held that 239 regional jobs and 16,900 national jobs did not constitute a significant number of jobs. *Id.* Here, VE Roberson testified that 650 regional jobs and 275,000 national jobs existed which a person with Plaintiff's impairments would be able to perform. The number of jobs in this case is far greater than that in *Malone*, and is in line with the number of jobs that the Sixth Circuit has held to be significant in prior cases. *See Martin*, 170 F. App'x at 374-75.

I **FIND** that the ALJ identified a significant number of jobs in the regional and national economy as required in step five of the five-step process. I therefore **CONCLUDE** that the Commissioner carried its burden in this respect.

###    D.    Lack of Function-by-Function Assessment

Plaintiff argues that the ALJ erred by failing to include a function-by-function assessment in the RFC determination as required by SSR 96-8p, 1996 WL 374184 (July 2, 1996). Plaintiff quotes from SSR 96-8p, stating that the "RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities,"

and that "[e]ach function must be considered separately" for exertional capacity. *Id.* at *3, 5. Plaintiff contends that the ALJ failed to include the function-by-function assessment and further failed to address each of the seven strength demands outlined in SSR 96-8p. Plaintiff argues in particular that the ALJ failed to include greater limitations in the RFC for Plaintiff's right arm despite the ALJ's recognition during the hearing that Plaintiff had difficulty raising her right hand to take an oath. While Plaintiff quotes SSR 96-8p, Plaintiff does not support her arguments with any citation to case law or other regulatory authority.

Defendant contends that Plaintiff's reliance on the ALJ's statements during the first hearing regarding her nonfunctional right arm are misplaced, as the Appeals Council remanded Plaintiff's case, and a second hearing was held. At the second hearing, the ALJ reviewed additional medical evidence and questioned a medical expert. Defendant argues that the medical expert's opinion, which the ALJ noted "was based on a thorough review of the medical evidence, including new evidence submitted prior to the second hearing, which revealed minimally decreased range of motion in the right shoulder[,] an unremarkable right shoulder x-ray[,] and no muscle atrophy or crepitation," provides support for the ALJ's RFC determination. [Doc. 15 at Page ID # 577]. Defendant also states that, while the ALJ did not provide a function-by-function analysis in the written decision, the ALJ properly "considered all of the restrictions alleged by Plaintiff and evidence supporting each restriction, including limitations related to her right arm and shoulder." [Doc. 15 at Page ID # 576].

"While SSR 96-8p requires a function-by-function evaluation to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (internal citations and quotation marks omitted). Further, "[a]lthough a function-by-function analysis is

desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing," as there is a difference "between what an ALJ must consider and what an ALJ must discuss in a written opinion." *Id.* (internal citations and quotation marks omitted). SSR 96-8p clearly states that the ALJ must consider each function separately; it does not state that the ALJ must discuss each function separately in the narrative of the ALJ's decision. Here, the ALJ specifically discussed, with detail, Plaintiff's complaints regarding her limitations, particularly her right arm limitations (Tr. 20), as well as each of the physicians' opinions regarding Plaintiff's limitations (Tr. 20-24). The ALJ also stated that he had considered the entire record carefully before determining Plaintiff's RFC (Tr. 19). The ALJ's RFC finding limits Plaintiff to "only occasional overhead reaching with the right upper extremity; no climbing of ladders, ropes and scaffolds," and thus includes a limitation regarding Plaintiff's right arm impairment (Tr. 19).

I **FIND** that the ALJ properly considered each function as required by SSR 96-8p. I also **FIND** that the ALJ fully contemplated Plaintiff's limitations related to her right arm impairment. As the ALJ properly considered Plaintiff's impairments, including her right arm impairment, I **FIND** the ALJ's RFC determination to be proper and supported by substantial evidence.

## E. Evaluation of Plaintiff's Credibility

Plaintiff's last argument is that the ALJ erred by failing to properly assess and evaluate Plaintiff's credibility as required by SSR 96-7p, 1996 WL 374186. Plaintiff quotes a large portion of this ruling and argues that, while the ALJ stated he used the criteria from SSR 96-7p in reaching his decision, merely "recit[ing] the factors that are described in the regulations for evaluating symptoms" is "not enough." [Doc. 10 at Page ID # 554 (quoting SSR 96-7p, 1996 WL 374186 at *2)]. Plaintiff argues that the ALJ erred in his credibility determination by making a conclusory statement regarding Plaintiff's allegations of disability and credibility, and

Plaintiff contends that the ALJ did not specifically state whether he found Plaintiff's testimony credible or not credible. Plaintiff further argues that, because the ALJ did not permit Plaintiff's attorney to question her at the second hearing, the ALJ did not comply with the Appeals Council's remand order that directed the ALJ to further evaluate Plaintiff's subjective complaints as required by SSR 96-7p.

Defendant contends that the majority of Plaintiff's argument is boilerplate, which does not relate to the facts of this case, and notes that Plaintiff also re-states an earlier argument regarding the ALJ's compliance with the remand order. Defendant argues that substantial evidence supports the ALJ's credibility finding because Plaintiff did not provide objective medical evidence to confirm the severity of her alleged symptoms. Defendant argues that the record as a whole does not show that Plaintiff's condition was disabling in severity and thus argues that Plaintiff failed to carry her burden of proving she is disabled.

As addressed above with regard to Plaintiff's first argument, it is beyond the Court's jurisdiction to review whether the ALJ complied with the Appeals Council's remand order. The Court will therefore only consider Plaintiff's other arguments regarding the ALJ's credibility determination.

As noted above, the ALJ is free to rely on his own reasonable assessment of the record over Plaintiff's testimony, which the ALJ may discount after consideration of credibility, motivation, and medical evidence. *See White*, 572 F.3d at 287; *Atterberry*, 871 F.2d at 571. Also as noted above, assessing Plaintiff's credibility is entrusted to the ALJ, not this Court, as the ALJ had the opportunity to observe Plaintiff's demeanor during the hearing. *Rogers*, 486 F.3d at 247; *Jones*, 336 F.3d at 476. Finally, this Court gives substantial deference to the ALJ's

credibility assessment, which is "virtually unchallengeable." *Ritchie*, 2013 WL 5496007 at \*3 (internal quotation marks and citations omitted).

An ALJ must explain a credibility determination so that it is sufficiently clear to the claimant and any reviewing court what weight the ALJ gave to the claimant's statements and the reasons for that weight—the ALJ cannot make "blanket assertions that the claimant is not believable." *Rogers*, 486 F.3d at 248. While a blanket assertion without explanation is not an acceptable credibility determination, the ALJ is not required to provide a detailed analysis of all the evidence pertaining to credibility. "True, an ALJ is required to . . . provide specific reasons for crediting or discrediting a claimant's testimony. . . . But he is not required to analyze the relevance of each piece of evidence individually. Instead, the regulations state that the decision must contain only 'the findings of facts and the reasons for the decision.'" *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 855 (6th Cir. 2011).

Here, contrary to Plaintiff's arguments, the ALJ did not make a blanket assertion or conclusory statement that Plaintiff was not believable. Rather, the ALJ made the following credibility finding:

> Although the claimant's impairments could reasonably cause her symptoms, including pain and swelling, her testimony regarding the severity, intensity, and disabling effect of these impairments is only partially credible. The medical evidence shows minimally decreased range of motion in the right shoulder; an unremarkable right shoulder x-ray; no muscle atrophy or crepitation; a congenital cervical spine abnormality; tenderness and muscle spasms in the cervical spine; and only occasional lower extremity swelling (Exhibits 1F, 3F, 4F, and 10F). Despite occasional lower extremity swelling, the claimant has taken consistent dosages of Metformin and Glybride for several years, indicating no worsening of her diabetes. Her most recent physical examination, on September 20, 2011, revealed a normal musculoskeletal examination and no lower extremity edema. The claimant reported that her TENS unit was working well to decrease her pain, and that she was able to walk (Exhibit 10F). She also

19

> reported taking half of a Tramadol, twice per day for pain. In terms of the claimant's alleged chronic extreme pain, while I do not doubt that the claimant experiences some degree of frequent, perhaps even daily, discomfort, I do not find it to be debilitating to the extent alleged and thus give these allegations only some weight, in light of the generally unremarkable medical evidence.

(Tr. 22).

While Plaintiff contends that the ALJ made only a conclusory statement that Plaintiff's allegations had been considered, failed to specify the weight given to Plaintiff's testimony, and failed to state whether he found Plaintiff's testimony to be credible or not credible, the ALJ did none of these things. The ALJ specifically considered Plaintiff's allegations of pain, swelling, and other symptoms, but he gave her allegations "only some weight" and found her to be only "partially credible," because "the generally unremarkable objective medical evidence" showed that Plaintiff's pain and other symptoms were well-managed by her medications (Tr. 22). Accordingly, I **FIND** the ALJ's decision to discount Plaintiff's credibility was supported by substantial evidence in the record.

## V.     CONCLUSION

Having carefully reviewed the administrative record and the parties' arguments, I **RECOMMEND**[1] that:

1)  Plaintiff's motion for judgment on the pleadings [Doc. 9] be **DENIED**.

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

2) The Commissioner's motion for summary judgment [Doc. 14] be

**GRANTED**.

3) The Commissioner's decision denying benefits be **AFFIRMED**.

s/ *Susan K. Lee*

SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE